

April 13, 2022

*VIA ECF*
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        RE: *Muntaz v. Fairygodboss, Inc., et al.*
            Case No.: 21- cv-09386-RA

Dear Judge Abrams,

    This firm represents Plaintiff in the above-captioned matter. Plaintiff files this letter jointly with counsel for Defendants Fairgodboss Inc., Romy Newman, Maura Bradley, and Danna Hendrickson, pursuant to Your Honor's January 3, 2022, Order directing the parties to submit a joint letter providing the following information. The Parties apologize for any inconvenience resulting from the delay of this filing.

### I.    A Brief Description of the Nature of the Action and the Principal Defenses thereto.

    The nature of this action is race discrimination and retaliation during the course of Plaintiff's employment with Defendants. Plaintiff alleges disparate treatment when compared to her white similarly situated coworkers and a race-based hostile work environment. Plaintiff further alleges retaliation resulting from complaints of discrimination made to Defendants. Plaintiff brings this action to remedy claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 et seq. ("§ 1981"); the New York State Human Rights Law, Executive Law § 296[1] ("NYSHRL"); and the New York City Human Rights Law, Administrative Code § 8-107[1][a] ("NYCHRL").

    Defendants principally assert in defense, that Plaintiff was hired by the same person who Plaintiff claims subjected her to a race-based hostile work environment.  Plaintiff was the subject of numerous complaints by multiple co-workers assigned to the same team as Plaintiff, who are in Plaintiff's same protected class. None of the conduct about which Plaintiff complains is in any way related to race or color. Defendants, consistent with its established equal employment opportunity policies, nevertheless thoroughly investigated every allegation which Plaintiff raised. Plaintiff was appropriately placed on a Performance Improvement Plan ("PIP") which Plaintiff failed to successfully complete. And, Plaintiff cannot identify any similarly situated co-worker outside her protected class who failed to complete a PIP and was nonetheless permitted to continue to remain employed.

**II.     A brief explanation of why jurisdiction and venue lie in this Court.**

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343, as Plaintiff has asserted claims that arise under federal laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367, as those claims are so related to federal claims in this action such that they form part of the same case or controversy. Venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

**III.    A brief description of all contemplated or outstanding motions.**

Defendants motion to dismiss the Complaint in its entirety for failure to state any claims of discrimination or retaliation upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is currently pending before the Court.

**IV.     A brief description of any discovery that has already taken place and/or which will be necessary for the parties to engage in meaningful settlement negotiations.**

To date, no discovery has taken place. At minimum, in order to engage in meaningful settlement negotiations, Plaintiff will need all correspondence between Romy Newman, Maura Bradley, and/or Danna Hendrickson concerning Plaintiff; all documents concerning the decision to place Plaintiff on a PIP; all documents related to plaintiff performance, including performance reviews and any disciplinary actions related to her employment; all documents concerning the decision to terminate plaintiff's employment; all documents concerning Plaintiff's complaints of discrimination and any investigation conducted in response to Plaintiff's complaints; and any complaints of race discrimination or retaliation of any type against Romy Newman, Maura Bradley, and/or Danna Hendrickson.

Defendants at this juncture need only all information and documentation related to Plaintiff's efforts to mitigate her claimed damages, as well as, all compensation and benefits obtained from any subsequent employment.

**V.      A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

Plaintiff has made an initial settlement demand which Defendants have yet to respond to.

**VI.     The estimated length of trial.**

The estimated length of trial is three to five days.

RE: 20-CV-3306 (JPO)                                                                                                                  Pg. 3

**VII.   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

As set forth above, Defendants' motion to dismiss is presently pending before the Court. Notwithstanding the foregoing, the parties respectfully request that they be permitted to meet and confer and proceed with the exchange of the informal discovery outlined above on or before April 26, 2022, in order to determine if settlement can be achieved. The parties have of course included a proposed Case Management Plan and Scheduling Order in connection with the Initial Status Conference before Your Honor on April 15, 2022, at 12:30 pm.

Respectfully Submitted,

**CRUMILLER PC**
Attorneys for Plaintiff

By:   *s/Travis Pierre-Louis*
         TRAVIS PIERRE-LOUIS


**FISHER & PHILLIPS LLP**
Attorneys for Defendants

By:   *s/David B. Lichtenberg*
         DAVID B. LICHTENBERG